IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

**JOSE DELGADO,**

       Plaintiff,

v.                                                                  No. CIV 11-177 BB/GBW

**TAYLOR-DUNN   MANUFACTURING
COMPANY, a California corporation,**

       Defendant.

**MEMORANDUM OPINION
IN SUPPORT OF GRANTING ADDITIONAL EXPERT
AND
ORDER**

**THIS MATTER** is before the Court on Defendant's *Motion for Leave to Call an Additional Defense Expert Witness* [Doc. 40]. The Court having considered all submissions of counsel, finds the motion should be Granted with Conditions.

**I.**     *Factual Background*

This is a products liability case arising from an electric cart accident which occurred on February 25, 2009, at a nuclear waste storage facility known as the Waste Isolation Pilot Plant outside of Carlsbad, New Mexico. The incident involved an electric cart that would not stop when a passenger's foot became accidently entangled with the accelerator, and the cart impacted a parked tractor-trailer. Mr. Delgado, the passenger, suffered an injury during the incident.

This case was filed on February 23, 2011. On May 23, 2011, the Honorable Gregory Wormuth entered a Scheduling Order that called for expert disclosures in the fall of 2011. The parties have conducted extensive discovery over the last year and a half. This discovery has included taking ten depositions, written discovery requests amongst the parties and third parties, and the issuance of various Freedom of Information Act requests to the Department of Energy ("DOE"). Plaintiff has issued various subpoenas to Washington/TRU Solutions and other third parties.

In November 2011, the parties entered a Joint Stipulation calling for experts to be disclosed on a definite schedule. Plaintiff timely designated Douglas Brooks, P.E., with a complete RULE 26 Report. After Plaintiff designated his expert, Defendant had a thirty-day interval during which to designate any defense expert witnesses. Defendant made the strategic decision to utilize only its own company President, Jon Gribble, as an expert witness. Mr. Gribble had ample opportunity to investigate the subject occurrence and provided a complete report.

II.     *Arguments*

Defendant now seeks leave to designate another expert some three months after the stipulated disclosure deadline on the grounds that discovery has not yet closed and "[t]he additional defense expert is necessary in order to rebut the deposition testimony of Plaintiff's expert." (Def.'s Mot. p. 1). Defendant also claims the DOE has just produced new "and very significant information."

**Plaintiff counters that Defendant stipulated to an expert disclosure deadline and disclosed Mr. Gribble as both client representative and expert.  At his deposition, Mr. Gribble recognized this as a conscious decision and contradicted Plaintiff's expert, Douglas Brooks.  Plaintiff further argues Defendant completely failed to comply with FEDERAL RULE OF CIVIL PROCEDURE 37 and since Plaintiff is ready for trial, he will be prejudiced by granting Defendant's motion.  Finally, Plaintiff maintains there is nothing of consequence in DOE's recent disclosures.**

**III.**   *Legal Standard*

**FEDERAL RULE OF CIVIL PROCEDURE 26(a)(2) requires parties to disclose more than just the identity of the expert witnesses they wish to present at trial.  Where a party fails to make the required RULE 26 disclosures without "substantial justification," RULE 37(c) states that the party is not allowed to use the evidence at trial unless the failure is "harmless."  RULE 37(c) also permits the court to impose any other appropriate sanction in addition to, or in lieu of, the above-mentioned "automatic" sanction.  *See* 8A WRIGHT, MILLER & MARCUS, FED. PRAC. & PROC. CIV. § 2289.1 (2d ed. 2007).**

**IV.**   *Discussion*

**Compliance with discovery orders is "necessary to the integrity of our judicial process."  *Update Art, Inc. v. Modiin Publ'g, Ltd.*, 843 F.2d 67, 73 (2d Cir. 1988).  This Court therefore has been given broad authority to sanction non-compliance with discovery and pretrial deadlines.  *Walsh v. McCain Foods Ltd.*, 81 F.3d 722, 727 (7th**

3

Cir. 1996). Many courts have used this to completely exclude expert testimony not properly disclosed in compliance with the time limits of R<small>ULE</small> 26. *See, e.g., Doe v. Johnson*, 52 F.3d 1448, 1464 (7th Cir. 1995); *China Resource Prods. (U.S.A.) Ltd. v. Fayda Int'l, Inc.*, 856 F. Supp. 856, 866 (D. Del. 1994). The Tenth Circuit, however, has noted that it may be an abuse of discretion if the exclusion produces a fundamental unfairness at trial. *Smith v. Ford Motor Co.*, 626 F.2d 784, 794 (10th Cir. 1980).

While the Court has little sympathy for Defendant's self-inflicted wound and is skeptical of its assertion that "[d]enial of leave to call an additional defense expert would be unfairly prejudicial to Defendant" (Def.'s Mot. p. 2), the motion will be granted with the following conditions:

1. Defendant must make Dr. Joseph Peles available for deposition in Albuquerque within twenty (20) days of the entry of this order;

2. Defendant will be responsible for all attorney's fees and costs associated with Dr. Peles' deposition. *See* R<small>ULE</small> 37(c), F<small>ED</small>. R. C<small>IV</small>. P.

3. Plaintiff will be allowed, if he wishes, thirty (30) days from the conclusion of Dr. Peles' deposition to provide an additional report from Douglas Brooks.

If Defendant is unwilling to comply with these conditions, the motion is denied.

**O R D E R**

For the above stated reasons, Defendant's *Motion for Leave to Call an Additional Defense Expert Witness* is GRANTED under the conditions stated above.  If Defendant is unwilling to comply with these conditions, the motion is DENIED.

SO ORDERED this 19th day of April, 2012.

_____
**BRUCE D. BLACK**
**Chief Judge**