IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOSE DELGADO,

    Plaintiff,

v.                                                       Civ. 11-177 BB/GBW

TAYLOR-DUNN MANUFACTURING CO.,

    Defendant.

## ORDER DENYING PLAINTIFF'S MOTION TO COMPEL

THIS MATTER is before the Court on Plaintiff's First Motion to Compel & Request for Rule 37 Relief ("Motion").  *Docs. 35, 42, 49, 50.*  Plaintiff moves the Court to compel disclosure of materials responsive to Plaintiff's Third Request for Production. The matter has been fully briefed – including Court-ordered supplemental briefing – and the Court has held two hearings.  *Docs. 54, 58, 61, 64*.  The Court will deny Plaintiff's Motion.

Plaintiff Jose Delgado alleges that he suffered injuries due to a defective golf cart accelerator.  *Doc. 1 ¶ 7.*  The cart at issue was made by Defendant Taylor-Dunn Manufacturing Company.  *Id. ¶ 8.*  On February 23, 2011, Plaintiff filed suit in this Court asserting various tort claims.  *See generally doc. 1.*

On March 23, 2011, the Court issued an initial scheduling order directing the parties to meet and confer and propose a provisional discovery plan.  *Doc. 6.*  In a joint status report filed with the Court, Defendant indicated that its corporate representative

in this matter is Mr. Jon Gribble, President of Taylor-Dunn Manufacturing.  *Doc. 10* at 5.  Additionally, Defendant designated Mr. Gribble as a testifying expert.  *Doc. 35* at 2.

Plaintiff set Mr. Gribble's deposition for January 31, 2012.  *Id.* Ex. A at 2.  In conjunction with the deposition, Plaintiff also subpoenaed Mr. Gribble to bring "all emails associated with this matter and any communications with Taylor-Dunn's counsel and/or insurers."  *Doc. 35* at 2.  Due to a controversy over the subpoena, Plaintiff sought substantially the same material via its Third Request for Production.  Therefore, despite the fact that this discovery request was made subsequent to the motion to compel, the parties have agreed that the subpoena dispute has been subsumed by the dispute over the Third Request for Production.  FTR Dona Ana, April 9, 2012, 10:17:00-10:19:59.  Defendant opposes disclosure on the basis of attorney-client privilege and has submitted a privilege log.

Plaintiff does not dispute that communications between Mr. Gribble and counsel would ordinarily fall within the protection of the attorney-client privilege.  However, Plaintiff contends that, because Mr. Gribble has been designated as an expert, that protection has been waived due to the requirements of disclosure which follow such a designation.  *Doc. 35* at 2.  Defendant argues that no waiver has occurred and that communications with Mr. Gribble as an expert and communications with Mr. Gribble as a client are easily separable.  Defendant argues that the withheld communications fall into the latter category and should not be subject to disclosure.

"The attorney-client privilege 'is the oldest of the privileges for confidential communications known to the common law.'" *United States v. Jicarilla Apache Nation*, 131 S. Ct. 2313, 2320 (2011) (quoting *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981)). The privilege "protects confidential communications by a client to an attorney made in order to obtain legal assistance from the attorney in his capacity as a legal advisor." *In re Grand Jury Proceedings*, 616 F.3d 1172, 1182 (10th Cir. 2010) (internal quotations omitted). The attorney-client privilege is also applicable as to communications between a corporation's employees and corporate counsel. *Upjohn*, 449 U.S. at 396-97.

Mr. Gribble, however, is not just a client – he has been designated an expert under Fed. R. Civ. P. 26. The Rule requires the disclosure of certain material considered by the expert witness in forming his opinions. *See* Fed. R. Civ. P. 26(a)(2)(B)(i). Consequently, courts have concluded that, because "disclosure [of privileged material] to a testifying expert in connection with his testimony assumes that [the] material will be made public, there is a waiver to the same extent as with any other disclosure." *In re Pioneer Hi-Bred Intern., Inc.*, 238 F.3d 1370, 1375 (Fed. Cir. 2001); *see also* Fed. R. Civ. P. 26(a)(2)(B) advisory committee's notes ("[L]itigants should no longer be able to argue that materials furnished to their experts to be used in forming their opinions . . . are privileged . . . .").

Thus, any waiver of privilege applicable here is coextensive with the Rule 26 expert disclosure requirement which is limited to "facts or data considered by the

[expert] witness in forming" the opinions to which the expert will testify.  Fed. R. Civ. P. 26(a)(2)(B)(i).  Because materials not considered in forming the expert opinion are excluded from the disclosure requirement, it follows that the waiver of privilege would not extend to such materials.  The Court recognizes that "considered . . . in forming" is a lesser standard than the previous standard of "relied upon."  *See Trigon Ins. Co. v. United States*, 204 F.R.D. 277, 282-83 (E.D. Va. 2001).  As such, Plaintiff need not show that Mr. Gribble relied upon a document to establish a waiver of privilege.  Nonetheless, the language of the rule does require some connection between the material and the expert's opinion before the disclosure requirement of Rule 26 kicks in.  *See also* Fed. R. Civ. P. 26(a)(2)(B) advisory committee's notes ("materials furnished to their experts <u>to be used in forming</u> their opinions") (emphasis added).  Moreover, the key concerns when considering disclosure requirements are the questions of credibility and bias of an expert.  *See SEC v. Nadel*, CV 11-215 (WFK) (AKT), 2012 U.S. Dist. LEXIS 53173, at *4 (E.D.N.Y. Apr. 16, 2012).

The Defendant has provided the Court copies of all materials which are responsive to Plaintiff's Third Request for Production but have been withheld on a claim of privilege.[1]  The Court has reviewed *in camera* those materials to determine if

---

[1] In fact, Defendant's counsel has averred that the production to the Court has been over inclusive.  If any such materials have not yet been produced to the Court, Defendant is ordered to produce them at this time.  If new materials are provided to Mr. Gribble and would therefore fall within the scope of Plaintiff's discovery request and Defendant intends not to disclose them as privileged, those documents must also be provided to the Court for the same review as conducted herein.  ***See* FTR Dona Ana, 5/16/2012, 10:19:19 – 10:23:19.

they can reasonably be said to have "been considered [by Mr. Gribble] in forming" his expert opinion in this matter. *See FDIC v. United Pacific Ins. Co.*, 152 F.3d 1266, 1276 n. 6 (10th Cir.1998) ("In determining whether the relevant ... records contain privileged communications, the district court may adopt procedures, such as in camera review of allegedly privileged documents, to protect against disclosure of privileged communications."). After that review,[2] even using the broadest sense of the word "considered," the Court finds none of the materials fall within the disclosure requirement of Rule 26. As such, Defendant has not waived the attorney-client privilege as to the reviewed documents and disclosure will not be compelled.

Wherefore, **IT IS HEREBY ORDERED** that Plaintiff's First Motion to Compel & Request for Rule 37 Relief, (*doc. 35*), is **DENIED**.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE

---

[2] The Court feels compelled to warn future counsel against relying on the court's willingness to conduct an *in camera* review of materials to determine whether an expert "considered" them in formulating its opinion. As the judge in *Johnson v. Gmeinder*, 191 F.R.D. 638, 649 (D. Kan. 2000) explained, "Asking this or any other court to determine whether an expert has 'considered' certain materials, as that term is commonly used, [requires] the court to explore the expert's subjective mental processes and risks the creation of an unwieldy rule that [provides] uncertainty as to the protected status of work product or other privileged materials." In the instant case, this Court was willing to conduct such an exploration because the quantity of materials was quite limited and the answer was quite clear. However, in future cases, the Court will be inclined to bright-line approach adopted in *Johnson*.